UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED
NOV 10 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HREW, L.L.C.,
a Virginia limited liability company

        Plaintiff,

v.                                       CASE NO.: 2:10cv555

INTERNATIONAL INTRANCO, INC.,
a Virginia corporation

        Defendant.

SERVE:    WILLIAM B. LAKE, REGISTERED AGENT
                1600 TYSONS BOULEVARD, SUITE 800
                MCLEAN, VA 22102

## COMPLAINT

Plaintiff, HREW, L.L.C., a Virginia limited liability company ("Plaintiff"), by counsel, moves this Honorable Court for relief against Defendant International Intranco, Inc., a Virginia corporation ("Defendant"), and states the following in support:

### JURISDICTION & VENUE

1.    Plaintiff HREW, L.L.C. is a Virginia limited liability company which operates a centralized examination station (the "CES") at 420 Woodlake Drive, Chesapeake, Virginia 23320.

2.    Defendant International Intranco, Inc. is a Virginia corporation whose principal place of business is 1600 Tysons Boulevard, Suite 800, McLean, Virginia 22102, or at 4041 University Dr., Suite 403, Fairfax, VA 22030.

3.    Defendant is the owner of 890 Boxes/Cartons of Frozen Swine Pork Back Fat (the "Cargo"), stored in Container No. APRU5096059 (the "Container") at the CES from August 27, 2009 until July 29, 2010.

4. Plaintiff is seeking damages for violations of 19 U.S.C. §1499 *et. seq.* and 19 CFR Ch. I, Parts 118 (4100 Ed.) for violations of the statute and regulations governing centralized examination stations.

5. Pursuant to 19 U.S.C. §1499 and 19 CFR Ch. I, Parts 1-18, this Court has subjection matter jurisdiction to hear this case.

## FACTS

6. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 5 as if fully enumerated herein.

7. The Cargo was delivered to the CES for examination by the United States Department of Agriculture.

8. On or about August 26, 2009, the United States Department of Agriculture issued an Emergency Action Notification effecting the Cargo, stating the Cargo must be re-exported or destroyed because it contained a prohibited product.

9. William Lake, President of Defendant International Intranco, Inc., arranged for the customs examination to occur at Plaintiff's CES at the "usual rates".

10. CES rates are governed by the CES's application to the Port Director. Plaintiff's schedule of rates are attached hereto as Exhibit A.

11. On January 11, 2010, HREW, L.L.C. notified APL that the container had been released. The notification also indicated that payment must be received and the container must leave HREW, L.L.C.'s premises on or before the "last free day of storage" which is indicated to be "asap".

12. APL replied that it was "OK" to Steamship line release to customer's trucker of choice.

13. The cargo was in a refrigerated container, causing Plaintiff to expend significant funds on electricity every day. In addition, the container was not properly maintained. Therefore, Plaintiff incurred additional expenses repairing the container to prevent the cargo from spoiling.

14. In July 2010, Plaintiff received a Notice from the Department of Agriculture demanding the destruction of the Cargo.

15. On July 29, 2010, with the permission of the USDA, Plaintiff disposed of the Cargo by dumping it in a landfill, at a cost of $6,090.00.

16. Defendant owes charges for storage from August 26, 2009 until July 29, 2010 in the amount of $33,600.00.

17. Defendant owes charges for refrigeration from August 26, 2009 until July 29, 2010 in the amount of $68,750.00.

18. Defendant owes examination and other charges in the amount of $1,259.00.

19. Defendant owes Plaintiff $7,768.00 for the cost of destruction and disposal.

20. When sending the cargo to Plaintiff's warehouse for inspection, Defendant agreed to pay certain charges, totaling $111,377.00.

21. Defendants have refused to pay the charges they owe to Plaintiff.

22. Defendants refused to reclaim or otherwise dispose of the cargo, forcing HREW to arrange and pay for disposal of the cargo.

23. Defendants are in breach of their obligations to the Plaintiff to pay storage and other charges to the Plaintiff pursuant to 19 U.S.C. §1499 *et. seq.* and the applicable Codes of Federal Regulations applying to the examination of imports.

WHEREFORE, Plaintiff HREW, L.L.C. requests that the Court award to HREW, L.L.C. damages in the amount of $111,377.00, and such other relief as the Court deems appropriate.

HREW, L.L.C.

By: _____
Of Counsel

Richard E. Garriott, Jr., Esquire (VSB No. 40354)
Caryn R. West, Esquire (VSB No. 48713)
CLARKE, DOLPH, RAPAPORT, HULL, BRUNICK & GARRIOTT, P.L.C.
6160 Kempsville Circle, Suite 101A
Norfolk, VA 23502
(T): (757) 466-0464
(F): (757) 466-0834

w:\cad\hrew\smithfield pork fat\pleadings\complaint.docx